IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-01008-KDB-WCM

EBONY SHERISSE LUCAS,

    Plaintiff,

    v.

MICHAEL MANLEY,
JAY LNU, AND
COLIN RUNDELL,

    Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 3). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion and dismiss this action because the Court lacks personal jurisdiction over Defendants in the absence of valid service of process.

    I.    LEGAL STANDARD

Prior to the exercise of personal jurisdiction, a Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. 97, 104 (1987); *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id*.

Absent waiver of service of process or consent, the failure to obtain proper service of process–even if the defendant gains actual notice–deprives the court of personal jurisdiction over

1

a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party.").

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff has filed two affidavits of service. The first affidavit of service attests that "Jay (Sales Manager)" and "Colin Rundell (General Manager)" were "served" a copy of the Summons and Compliant by certified mail and sent to "AutoNation Charlotte, NC 28212." (Doc. No. 3-1). The USPS tracking information attached to the affidavit of service indicates that "Your item was delivered to the front desk, reception area, or mail room at 10:00 am on November 20, 2025 in CHARLOTTE, NC 28212." (*Id*.). Plaintiff filed a second affidavit of service that attests "Michael

2

Case 3:25-cv-01008-KDB-WCM   Document 9   Filed 03/12/26   Page 2 of 4

Manley (CEO/Director)" was "served" a copy of the Summons and Complaint by certified mail and sent to "AutoNation LLC Fort Lauderdale, FL 33301." (Doc. No. 3-2). The USPS tracking information attached to the affidavit of service indicates that "Your item was delivered to the front desk, reception area, or mail room at 10:41 am on November 24, 2025 in FORT LAUDERDALE, FL 33301." (*Id*.).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint under Rules 12(b)(5) of the Federal Rules of Civil Procedure (as well as 12(b)(6), which the Court need not address). Defendants argue Plaintiff failed to serve them in compliance with Federal Rule 4. Rule 4 provides for service on an individual in one of four ways, either by: (1) properly effecting service under state law; (2) delivering a copy of the summons and complaint on the person individually; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Plaintiff's mailing of a package to the Defendants' places of employment and delivery to the "front desk, reception area, or mail room" as described above does not constitute valid service under either state or federal law. Therefore, the Complaint will be dismissed without prejudice.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 3) is **GRANTED** and this matter dismissed without prejudice; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 12, 2026

Kenneth D. Bell
United States District Judge

4

Case 3:25-cv-01008-KDB-WCM   Document 9   Filed 03/12/26   Page 4 of 4