# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-01008-KDB-WCM

EBONY SHERISSE LUCAS,

Plaintiff,

v.

MICHAEL MANLEY, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed with Case and Correct Improper Service (Doc. No. 11). The Court has carefully considered this motion and the parties' briefs and exhibits. This action was dismissed on March 12, 2026. Shortly thereafter, Plaintiff filed this motion, in effect asking the Court to reconsider its ruling or modify its Judgment. For the reasons discussed briefly below, the Court will **DENY** the motion.

## DISCUSSION

The Court will consider pro se Plaintiff's motion under Federal Rules of Civil Procedure 59 and 60, the rules governing amendment of or relief from a judgment. The United States Court of Appeals for the Fourth Circuit has consistently recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) motions may not be used to relitigate old issues, or to raise arguments or present evidence that could have been raised prior to judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Simple disagreement does not support a

Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The Plaintiff has failed to show she meets any of the required circumstances for the Court to amend or alter the Judgment against her under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a district court to grant a party relief from a final judgment or order in certain circumstances, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence; (3) fraud; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. *Stratton v. Mecklenburg County*, 2012 WL 6194505 *1 (W.D.N.C. Dec. 12, 2012). Before a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). None of the required circumstances apply here, and Plaintiff has failed to meet her burden under Rule 60(b).

In sum, for all the reasons stated above and the others set forth in its Order granting Defendants' motion to dismiss, Plaintiff's motion will be denied. *See Kurkowski v. Wells Fargo Bank, N.A.*, No. 5:21-CV-00131-KDB, 2021 WL 9816245, at *1–2 (W.D.N.C. Dec. 13, 2021).

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Proceed with Case and Correct Improper Service (Doc. No. 11) is **DENIED;** and

2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: April 20, 2026

Kenneth D. Bell
United States District Judge